UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:06-cv-174-SEB-VSS |
| | ) | |
| JUDITH A. SAUNDERS, and | ) | |
| RITA WOLFE, as Trustee of the | ) | |
| Vinca Trust, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Pending Motions**

The United States seeks resolution of its claim against Judith A. Saunders through its motion for partial summary judgment filed on September 26, 2006. Two other motions filed by Rita Wolfe, as Trustee of the Vinca Trust, were filed on December 22, 2006, and are addressed in this Entry.

**I. Motion for Partial Summary Judgment (Dkt. #39)**

The United States' motion for partial summary judgment is **granted** because it has established that federal income tax assessments were made against Judith A. Saunders for the years 1990 through 1997, notice of those assessments and demand for their payment were sent to Saunders, and those assessments remain unsatisfied. Saunders has failed to present evidence from which a reasonable fact-finder could conclude that she does not owe the unpaid balance of the assessments.[1] Saunders does not dispute the computation or underlying figures and events posited by the United States in explaining its determination and assessment of a deficiency. Instead, her opposition to the United States'

---

[1] Pursuant to Rule 56(c) of the *Federal Rules of Civil Procedure,* a motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A party moving for summary judgment initially has the burden of showing the absence of any genuine issue of material fact in evidence of record. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S. Ct. 1598 (1970); *Schroeder v. Barth, Inc.,* 969 F.2d 421, 423 (7th Cir. 1992). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the nonmoving party. *Id*. A nonmoving party cannot rest on its pleadings, but must demonstrate that there is admissible evidence that will support its position. *Tolle v. Carroll Touch, Inc.,* 23 F.3d 174, 178 (7th Cir. 1994).

motion consists of the related arguments that (1) the United States has not "proven jurisdiction" in this case, and (2) she is not a "person" as defined in Title 26 of the United States Code. These arguments are meritless. *See United States v. Hilgeford,* 7 F.3d 1340, 1342 (7th Cir. 1993) (stating that the argument that an individual is a sovereign citizen of a state who is not subject to the jurisdiction of the United States and not subject to federal taxing authority is "shop worn" and frivolous); *United States v. Sloan,* 939 F.2d 499, 500-01 (7th Cir. 1991) (same). Accordingly, the United States is entitled to judgment as a matter of law that Saunders is liable to the United States in the amount of the unpaid balance of the income tax assessments against her ($1,219,291.51), plus interest and statutory additions, for the years 1990 through 1997.

No partial final judgment shall issue at this time as to the claim resolved in this Entry.

## II.  Motion to Correct Error (Dkt. #60)

The court has previously ruled in this case that a trust can only appear in federal court through an attorney, but that had not occurred in this case. Wolfe's motion to correct error filed on December 22, 2006, seeks reconsideration of that ruling. This was the same effort made in her motion to vacate filed on December 12, 2006. The motion to vacate was denied, and the motion to correct error (dkt. #60) is denied for the same reasons as explained in the Entry of December 15, 2006.

## III.  Motion to Dismiss for Lack of Jurisdiction (Dkt. #62)

Defendant Judith Saunders seeks dismissal of the claims against her. She argues in this motion, filed on December 22, 2006, that the "United States" does not include the State of Indiana, that she is a citizen of Indiana, over which this court lacks jurisdiction, and that any claims against her must be brought in the Randolph Circuit Court.

Saunders' motion to dismiss for lack of jurisdiction is a variation on her motion filed on November 13, 2006, to move this case to the Circuit Court of Randolph County. The latter motion was denied as "preposterous" insofar as the reasons offered there to transfer this case to a state court, and the present motion is **denied** for the same reason and for the reasons rejecting Wolfe's opposition to the United States' motion for partial summary judgment as cited in Part I of this Entry.

**IT IS SO ORDERED**.

Date: 01/10/2007

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Jeffrey L. Hunter
UNITED STATES ATTORNEY'S OFFICE
jeff.hunter@usdoj.gov

Douglas William Snoeyenbos
DEPARTMENT OF JUSTICE, TAX DIVISION
douglas.w.snoeyenbos@usdoj.gov

Judith A. Saunders
312 North Main Street
Farmland, IN 47340

Rita Wolfe
2680 Rosewood Lane
Columbus, IN 47203